UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES AND CONNIE ALDERSON,

    Plaintiffs,

v.

LANDERHOLM, P.S., et al.,

    Defendants.

CASE NO. C15-5926 BHS

ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE, DENYING DEFENDANTS' MOTION TO COMPEL SETTLEMENT AGREEMENT, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL RESPONSES

    This matter comes before the Court on Defendants T. Randall Grove ("Grove") and Landerholm, P.S.'s (collectively "Defendants") motion to compel a prior settlement (Dkt. 19), motion to compel responses (Dkt. 21), and motion for continuance of trial date (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL AND FACTUAL BACKGROUND**

    On December 21, 2015, Plaintiffs James and Connie Alderson ("Plaintiffs") filed a complaint against Defendants asserting causes of action for negligence and breach of fiduciary duty. Dkt. 1. Plaintiffs allege that they hired Grove to prepare a number of estate planning documents, including the Alderson Family Trust ("AFT"). *Id*. ¶ 11. In 2004 and 2006, Plaintiffs entered into two real estate deals in Arizona believing that

ORDER - 1

AFT's assets would not be at risk. *Id.* ¶¶ 14–18. After the 2008-09 recession, the bank that loaned money for the real estate deals sued the Aldersons, and the Arizona courts determined that AFT's assets could be reached to settle Plaintiffs' personal debts. *Id.* ¶¶ 19–31. This malpractice lawsuit followed.

On May 2, 2016, the Court issued a scheduling order setting trial for May 23, 2017. Dkt. 17.

On February 16, 2017, Defendants moved to compel Plaintiffs' settlement agreement, Dkt. 19, moved to compel discovery from Plaintiffs' other attorneys, Dkt. 21, and moved for a continuance, Dkt. 23. On February 21, 2017, Plaintiffs responded. Dkts. 26, 27, 29. On March 3, 2017, Defendants replied. Dkts. 37–39.

## II. DISCUSSION

**A.  Continuance**

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).

In this case, Defendants move for a three-month continuance of the trial date. Dkt. 23. Upon review of counsel's declaration, the Court finds that Defendants have established good cause to modify the schedule. Accordingly, the Court grants the motion.

**B.  Settlement**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). A party seeking discovery may move for an order compelling

production if a party fails to produce documents as requested. Fed. R. Civ. P. 37(a)(3)(B)(iv).

In this case, Defendants move to compel Plaintiffs' settlement agreement. Before filing this action, Plaintiffs initiated an action in Arizona against attorney John Battaile ("Battaile") and his law firm. Battaile drafted documents in connection with the Arizona real estate deals. The suit ended when the parties entered into a settlement agreement. Defendants have served discovery requests on Plaintiffs for the settlement agreement, but Plaintiffs have objected to the requests. Plaintiffs argue that the agreement is not relevant because, under Federal Rule of Evidence 408, the agreement is not admissible at trial. Dkt. 26 at 2. Although the agreement may not be relevant to any issue at trial, Defendants are correct that it may be relevant to any offset in damages should the jury return a verdict in Plaintiffs' favor. Dkt. 38 at 3–4. Thus, the Court concludes that the agreement is discoverable. The Court, however, declines to grant Defendants' motion because the agreement's relevance is dependent upon a determination of liability. If Plaintiffs prove liability, then the Court will revisit the matter if Plaintiffs object to production at that juncture. At this time, the Court concludes that Plaintiffs' objection has merit and denies Defendants' motion to produce the settlement agreement as there has been no showing by the Defendants that the contents of the agreement have any relevance to the issue of liability.

**C.  Responses**

Defendants originally moved to compel responses from Plaintiffs' successor attorneys. Dkt. 21. Plaintiffs objected in part because a motion to enforce of an out-of-

ORDER - 3

district subpoena must be filed in "the court for the district where compliance is required . . . ." Fed. R. Civ. P. 45(d)(2)(B)(i). Defendants concede these issues and have narrowed their motion to the sole issue of whether Plaintiffs waived the attorney-client privilege as to all successor attorneys. Dkt. 37.

"Like many other jurisdictions, Washington courts have adopted the test set out in *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975), when determining whether an implied waiver of the attorney-client privilege has occurred." *1st Sec. Bank of Washington v. Eriksen*, CV06-1004RSL, 2007 WL 188881, at *2 (W.D. Wash. Jan. 22, 2007). Under *Hearn*, an implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense. *Hearn*, 68 F.R.D. at 581.

In this case, the parties dispute whether privileged information is at issue and whether the information is vital to the defense. Regarding the former, the Court finds that any communication by Plaintiffs to their successor counsel involving Defendants' representations of the AFT have been put at issue. For example, if Plaintiffs told successor counsel that Defendants represented that the AFT assets were fully protected, then Plaintiffs have put this information at issue in this lawsuit. Plaintiffs allege that, when they entered the real estate deals, they were confident that the AFT assets were protected. Dkt. 1, ¶¶ 19, 21–25, 29. If this confidence was based on Defendants' representations and Plaintiffs relayed those alleged representations to successor counsel,

then those representations are definitely at issue in this case. Thus, the Court finds a limited waiver of Plaintiffs' privilege.

Regarding whether the information is necessary to the defense, the Court finds that Defendants have no other means of discovering this information. If such information exists, it exists only in the memories or files of successor counsel. Therefore, to the extent Plaintiffs have waived their privilege, the Court also finds that the information is vital to the defense of Plaintiffs' malpractice claims. The Court grants Defendants' motion in part and denies it as to all other issues.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to compel a prior settlement (Dkt. 19) is **DENIED**, motion to compel responses (Dkt. 21) is **GRANTED in part** and **DENIED in part**, and motion for continuance of trial date (Dkt. 23) is **GRANTED**. The scheduling order is **STRICKEN**, the matter is set for trial on the Court's September 5, 2017, calendar, and the Clerk shall issue a new, abbreviated scheduling order consistent with the new trial date.

Dated this 27th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5